**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRIAN BARKLEY, *et al*.,**

**Plaintiffs,**

**v.**

**Civil Action 2:22-cv-4458**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,**

**Defendant.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Nationwide Agribusiness Insurance Company's Motion for Leave to File First Amended Answer to Plaintiff's Complaint Instanter. (ECF No. 13.) Plaintiff has filed a Response (ECF No. 14) and Defendant has filed a Reply (ECF No. 22). For the following reasons, Defendant's motion (ECF No. 13) is **DENIED, without prejudice.**

**I.**

Defendant removed this case to this Court from the Morrow County Court of Common Pleas by Notice of Removal filed on December 22, 2022. (ECF No. 1.) On January 17, 2023, the Court entered the Preliminary Pretrial Order establishing an amendment deadline of February 15, 2023, as agreed upon by the parties. (ECF Nos. 8, 9.) On January 19, 2023, Defendant filed its Answer and Counterclaim against all Plaintiffs. (ECF No. 10.) On June 28, 2023, Defendant filed its current motion for leave to file a First Amended Answer, seeking to add two affirmative defenses: that Plaintiff's claims are barred due to spoliation of the evidence and fraud by Plaintiffs. (ECF No. 13-1 at ¶¶ 34, 35.) Plaintiffs opposed the motion on grounds of futility,

asserting that spoliation is not an affirmative defense and that Defendant had failed to plead fraud with particularity. (ECF No. 14.) In reply, Defendant withdrew its proposed spoliation defense. (ECF No. 22 at 1.) With respect to its fraud defense, Defendant attached to its Reply a revised, proposed First Amended Answer setting forth its fraud defense as follows:

> 34. After the subject fire occurred on or about December 29, 2020, Plaintiffs then fraudulently sent to Nationwide a Sworn Statement in Proof of Loss dated March 3, 2021 setting forth false and material misrepresentations as to Plaintiffs' lost or damaged property from the fire in the amount of $496,450.00, including the loss of bred heifers, which losses and/or damages were not sustained by Plaintiffs.

(ECF No. 22-1.) After the briefing cycle on the motion for leave concluded, Defendant also filed a Notice confirming its withdrawal of Affirmative Defense Nos. 15 and 23. (ECF No. 24.)

**II.**

As noted above, the deadline to amend pleadings as agreed upon by the parties and established by the Court was February 15, 2023. Defendant filed its current motion, citing only the liberal pleading standards of Rule 15(a), on June 28, 2023, over four months later. Beyond the use of the word "instanter," Defendant does not meaningfully acknowledge the untimeliness of its current motion. This is confirmed by Defendant's corresponding failure to set forth good cause for modifying the case schedule as required by Rule 16(b)(4). Defendant's failures prevent the Court's consideration of the motion for leave.

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits*

*Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty*., Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at

376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Defendant's casual approach[1] to a Court ordered deadline fails to recognize that,

> … deadlines are important things. And when the Court establishes deadlines, the parties are obliged to follow them." *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 239 (E.D. Ky. 2018). "Scheduling orders are critical in moving cases to a just outcome in an efficient manner. In order to accomplish this end, deadlines 'must have teeth' and must be enforced by the courts." *Birge v. Dollar General Corp.*, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) (citations and quotation marks omitted).

*In re Onglya (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.,* 570 F. Supp. 3d 501, 506 (E.D. Ky. 2021), *objections overruled sub nom. In re Onglyza*, No. 5:18-MD-2809-KKC, 2021 WL 5410242 (E.D. Ky. Mar. 19, 2021); *see also In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.,* 570 F. Supp. 3d

[1] To be fair, Plaintiffs did not raise the Rule 16(b)(4) issue either, exhibiting a similarly casual approach.

473, 476–77 (E.D. Ky. 2020) (quoting *Birge,* 2006 WL 133480, at *1) ("'a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril….'"); *Edwards v. Grand Rapids Cmty. Coll.,* No. 1:09-CV-1067, 2010 WL 2163823, at *2 (W.D. Mich. May 27, 2010) ("a court's case management order is not … a meaningless piece of paper that a party may ignore at his whim."). And, it bears emphasis that Defendant missed the amendment deadline not by a brief period of time but by more than four months.

Accordingly, because Defendant has not established good cause for failing to move to amend its Answer prior to the amendment deadline, the motion (ECF No. 13) is **DENIED.** This denial, however, is **without prejudice** to Defendant's re-filing a properly supported motion setting forth good cause.

**IT IS SO ORDERED.**

Date: August 14, 2023

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE