UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN BARKLEY,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:22-cv-4458 |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Elizbeth P. Deavers** |
| | : | |
| **NATIONWIDE AGRIBUSINESS** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for the Entry of an Order of Dismissal of Plaintiffs Barkley Enterprises, Robert Barkley, and Donna Barkley Pursuant to Federal Rule of Civil Procedure 41(a) (ECF No. 12) and Plaintiffs' Motion to Strike Certain Affirmative Defenses (ECF No. 15). For the reasons explained below, Plaintiffs' Motion to Dismiss (ECF No. 12) is **GRANTED** and Plaintiffs' Motion to Strike (ECF No. 15) is **GRANTED IN PART and DENIED IN PART**.

**I. BACKGROUND**

This case involves a fire that occurred on December 29, 2020, and that resulted in the loss of Plaintiffs' barn, all personal property within the barn, and 56 head of cattle. (ECF No. 3 ¶¶ 7, 12). Plaintiffs, Brian, Erin, Robert, and Donna Barkley and Barkley Enterprises, Inc.,[1] insure their barn, personal property, and cattle with Nationwide Agribusiness Insurance Company (hereinafter "NAIC"). (*Id*. ¶¶ 1-4, 8-10). After the fire, Plaintiffs immediately submitted a claim to NAIC

---

[1] Plaintiffs assert Brian and Erin Barkley are husband and wife and owned the barn and all property that was destroyed in the fire, including the cattle; Brian Barkley is the sole shareholder of Barkley Enterprises, Inc., which sustained no loss in the fire; and Robert and Donna Barkley are Brian Barkley's parents, who also did not sustain a loss. (ECF No. 21 at PageID 369 n.1).

1

reflecting a loss of at least $496,450.00. (*Id*. ¶ 13). Almost two years later, NAIC issued a denial of Plaintiffs' claim, alleging that Plaintiffs did not comply with the conditions under the insurance policy, were uncooperative in the investigation of the fire, and failed to take reasonable steps to protect the covered property from further damage. (*Id*. ¶¶ 14-40, PageID 78-80).

Plaintiffs filed a complaint against NAIC in the Morrow County Court of Common Pleas, which NAIC had removed to this Court based on diversity jurisdiction. (ECF No. 1). In the complaint, Plaintiffs allege five causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) declaratory judgment; (4) bad faith; and (5) punitive damages. (ECF No. 3). In its answer, NAIC asserted thirty-five (35) affirmative defenses, along with a counterclaim for declaratory judgment. (ECF No. 10). NAIC later sought to amend its answer to Plaintiffs' complaint in order to add two additional affirmative defenses: (1) that Plaintiffs' claims are barred due to spoliation of the evidence; and (2) fraud by Plaintiffs. (ECF Nos. 13, 13-1 ¶¶ 34, 35). The Magistrate Judge denied that motion as untimely, but offered NAIC the opportunity to re-file a properly supported motion setting forth good cause. (ECF No. 25). NAIC, however, did not re-file its motion. Plaintiffs subsequently answered NAIC's counterclaim. (ECF No. 11).

Between February 2023 and May 2023, the parties communicated about discovery issues. (*See* ECF No. 16 at PageID 214-16; ECF No. 16-1 ¶¶ 3-13; ECF No. 21-4). A few months later, Plaintiffs' counsel notified NAIC that as "all property/losses subject to this claim are owned by Brian and Erin Barkley[,] … we intend to dismiss the other parties from the action. Please advise if Nationwide will enter into a Stipulation of Dismissal[.] Because they are being dismissed, I do not believe responses to discovery are due. If you disagree, though, please advise." (ECF No. 16-8). NAIC disagreed, responding: "We first need all Plaintiffs to separately answer the discovery requests that we separately served upon each of the [sic] on 4/6/23 and sign them." (ECF No. 16-

9). That same day, Plaintiffs notified NAIC that they would be moving to dismiss the other plaintiffs without NAIC's consent. (*Id.*). Plaintiffs did so shortly thereafter, seeking to dismiss Plaintiffs Barkley Enterprises, Inc., Robert Barkley, and Donna Barkley. (ECF No. 12). Additionally, Plaintiffs moved to strike certain affirmative defenses set forth in NAIC's answer. (ECF No. 15). NAIC opposed both (ECF Nos. 16, 23). As Plaintiffs did not reply and the time do so has passed, both motions are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Certain Parties

As a threshold matter, the parties disagree on the correct rule that governs Plaintiffs' motion to dismiss certain parties from the lawsuit. Plaintiffs' motion relies on Rule 41(a) of the Federal Rules of Civil Procedure, while NAIC argues Rule 21 applies. Rule 41, which is titled "Dismissal of Actions," governs dismissal of an entire case. *See generally* Fed. R. Civ. P. 41. In contrast, Rule 21, in pertinent part, explains that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Since Plaintiffs seek to dismiss certain parties from the lawsuit, not the entire action, Rule 21 controls.

### B. Motion to Strike Certain Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally speaking, motions to strike are disfavored and are not often granted. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[B]ecause of the practical difficulty of deciding cases without a factual record[,] it is well established that the action of striking a pleading should be sparingly used by the courts." (citation omitted)). Indeed, the Sixth Circuit has stated that a motion to strike "is a drastic remedy to be

3

resorted to only when required for the purposes of justice" and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (citations omitted).

As to a motion to strike an affirmative defense, such should be granted only if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers Local 324 Health Care Plan v. G &W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (cleaned up). Said differently, an affirmative defense "will be held to be sufficient as long as it gives plaintiff a fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (cleaned up). Generally, "[t]he fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (cleaned up); *see generally* Fed. R. Civ. P. 8(c).

### III. LAW & ANALYSIS

#### A. Motion to Dismiss Certain Parties

##### 1. *Plaintiffs' Arguments*

In their request to dismiss Plaintiffs Barkley Enterprises, Inc., Robert Barkley, and Donna Barkley from the lawsuit, Plaintiffs explain that counsel was retained only shortly before the two-year anniversary of the fire and, as such, all named insureds on the policy were included as Plaintiffs to ensure that the real parties in interest were included in the lawsuit. Plaintiffs maintain, however, that these three Plaintiffs did not have any property damages in the fire and therefore have not claimed any losses caused by the fire that gave rise to this lawsuit.

Plaintiffs further explain that as these three Plaintiffs were not present when the fire occurred, they do not have discoverable information. To the extent they have any discoverable information, Plaintiffs assert it would be duplicative of the discovery already served upon and

4

responded to by Plaintiffs Brian Barkley and Erin Barkley. So, Plaintiffs maintain that it is not necessary, and a waste of economic resources, to keep these three Plaintiffs in this case.

### 2. Defendant's Arguments

NAIC responds by arguing that Plaintiffs' assertion that these three Plaintiffs just realized eight months after they filed their lawsuit that they never sustained any losses or damages is disingenuous and, in reality, Plaintiffs just do not want to procure relevant discovery. NAIC argues that it will be prejudiced if these three Plaintiffs are dismissed without first responding to NAIC's requests for interrogatories, production, and admissions and being deposed. NAIC maintains that it served these discovery requests well before Plaintiffs moved to dismiss these three Plaintiffs and Plaintiffs are now attempting to avoid having these three Plaintiffs respond so as to prevent NAIC from obtaining discoverable information and documentation from these individuals. NAIC also points out that these three Plaintiffs will remain parties to this action since NAIC has asserted a counterclaim against all Plaintiffs in this matter. NAIC, however, claims that once these three Plaintiffs respond to discovery requests and provide deposition testimony, their dismissal should be with prejudice. (*See* ECF No. 16 at PageID 219).

### 3. Court's Findings and Analysis

This Court does not find NAIC's arguments persuasive. This Court fails to understand how NAIC will be prejudiced by the dismissal of these three Plaintiffs when NAIC concedes in its brief that once they respond to discovery and are deposed, they will be dismissed with prejudice. Additionally, NAIC's discovery requests are not specific and tailored to these three Plaintiffs. They are identical to the requests already provided to and responded to by Brian Barkley, and the requests seek to elicit identical answers (in the case of Barkley Enterprises, Inc. where Brian Barkley is the sole shareholder) or answers from individuals with no knowledge (in the case of

Robert Barkley and Donna Barkley). NAIC does not explain why the duplicative discovery of these three Plaintiffs is necessary in the first place given that it has the answers from Brian Barkley. Instead, NAIC asserts in a conclusory fashion that the discovery is relevant.[2] Last, NAIC's argument that these three Plaintiffs will avoid discovery simply by virtue of being dismissed is incorrect since Defendants remain free to subpoena these Plaintiffs. *See Crozin v. Crown Appraisal Group, Inc.*, Nos. 2:10-cv-581/764, 2012 WL 139219, at *3 (S.D. Ohio Jan. 18, 2012).

Overall, Rule 21 "affords district courts wide discretion to add or drop parties from an action on motion of a party or *sua sponte*." *Id*. at *1 (citing *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003) (overruled on other grounds)). Dismissal of these three Plaintiffs does not mean that NAIC's "time and effort have gone for nought," *id*. at *2, as the action will remain pending with Plaintiffs Brian and Erin Barkley—the ones who owned the barn and property at issue and suffered the loss. Accordingly, Plaintiffs' motion to dismiss Barkley Enterprises, Inc., Robert Barkley, and Donna Barkley from this lawsuit is **GRANTED**.

### B. Motion to Strike Certain Affirmative Defenses

#### 1. Plaintiffs' Arguments

Plaintiffs move the Court to strike a slew of NAIC's affirmative defenses.[3] Plaintiffs acknowledge their motion is untimely under Rule 12(f) since it was filed more than twenty-one days after NAIC filed its answer. Plaintiffs, however, request leave of Court to file the motion, arguing that they have good cause for the delay since initially, for affirmative defenses 3, 4, 5, and 30, they did not read them as including a fraud defense, but that in light of NAIC's motion for leave to amend its answer to include a fraud-based defense, Plaintiffs now believe NAIC was

---

[2] It is important to note NAIC sought no information from the dismissed plaintiffs in their two-year investigation of the insurance claim prior to this lawsuit. (*See* ECF No. 21 at PageID 374).
[3] Since briefing concluded, NAIC filed a notice of withdrawal of affirmative defenses 15 and 23 (ECF No. 24), so this Court will not consider those numbers.

intending to assert a vague fraud defense in affirmative defenses 3, 4, 5, and 30. (*See* ECF No. 13 at PageID179). Additionally, Plaintiffs move the Court the strike the other affirmative defenses for the sake of judicial economy, arguing they are inapplicable to the issues in this case or are legal nullities.

As for affirmative defenses 3, 4, 5, and 30, which relate to Plaintiffs' conduct leading up to and surrounding the fire, Plaintiffs argue they are not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure inasmuch as they fail to mention who committed the fraudulent acts or how they committed such fraudulent acts. Additionally, Plaintiffs argue affirmative defense 30 is redundant of affirmative defense 4. Further, Plaintiffs argue affirmative defense 5 is "absurd" because it implies an insured has a duty to put a fire out themselves.

Plaintiffs argue affirmative defense 10 does not apply since the economic loss doctrine only applies to tort claims when damages are purely economic and, here, Plaintiffs did not plead tort claims.

As for affirmative defenses 11, 12, and 13 dealing with negligence, Plaintiffs argue they are immaterial in this case since this case involves an insurance claim for damages to property caused by a fire.

As to affirmative defense 18—exhaustion of insurances and bonds—Plaintiffs argue it is unrelated to this case since this case involves a first-party property damage claim and not liability-related claims.

Plaintiffs argue that the reservations of rights to allege additional affirmative defenses asserted in affirmative defenses 24 and 35 is not permitted.

Regarding Plaintiffs' alleged failure to attach a copy of the subject insurance policy (affirmative defense 26), Plaintiffs argue it is irrelevant since they did in fact comply, and either way, such is not an affirmative defense.

Plaintiffs similarly argue that affirmative defense 34—bifurcation—is a procedural, not substantive, matter and, thus is not an affirmative defense.

In sum, Plaintiffs argue that affirmative defenses 3, 4, 5, and 30 are not pled with particularity; affirmative defenses 10, 11, 12, 18, 26, 31, and 34 are misplaced boilerplate affirmative defenses that are entirely irrelevant to the issues in this case; and affirmative defenses 24 and 35 are legal nullities attempting to reserve rights outside the Federal Rules of Civil Procedure.

2. *Defendant's Arguments*

NAIC argues that Plaintiffs' motion is untimely and should be denied for that reason alone. If, however, the Court considers Plaintiffs' motion, then NAIC argues that: (1) it has properly pled affirmative defenses 3, 4, 5, and 30 because they are not multiple fraud defenses and properly deal with Plaintiffs' potential involvement in the claims or the events that led to their claims in this matter; (2) it has properly pled affirmative defense 10 and striking it would be inappropriate since the facts surrounding Plaintiffs' bad faith claim have not been developed in discovery; (3) it has properly pled affirmative defenses 11, 12, and 31 since they relate to Plaintiffs' conduct, which NAIC alleges is at issue with respect to the fire and the losses and damages claimed by Plaintiffs; (4) it has properly pled affirmative defense 18 since discovery may produce additional policies or bonds; (5) it has properly pled affirmative defenses 24 and 25 since a reservation of rights defense is proper; (6) it has properly pled affirmative defense 26 because Ohio Rule of Civil Procedure 10(D) provides that the party should attach the written instrument upon which the claims are

8

founded to his or her complaint; and (7) it has properly pled affirmative defense 34 since Ohio law states the compensatory and punitive damages stage for a tort action tried to a jury will be bifurcated upon the motion of any party.

3. *Court's Findings and Analysis*

As Plaintiffs acknowledge, a motion to strike pursuant to Rule 12(f) must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Here, Plaintiffs did not file this motion to strike until over five months after NAIC filed its answer. The Court does not find Plaintiffs' explanation for the late filing (i.e., that Plaintiffs filed it after NAIC filed its motion for leave to amend its answer) compelling since affirmative defenses 3, 4, 5, and 30 (the alleged vague fraud-based defenses) do not include the word "fraud" or discuss any material misrepresentations that relate to a fraud defense. Additionally, Plaintiffs cite only to judicial economy as their basis for moving to strike the remaining affirmative defenses at this untimely juncture. As such, Plaintiffs have not shown good cause for leave of court to file this motion. Nonetheless, in light of this Court's preference to decide motions on the merits and this Court's authority under Rule 12(f) to *sua sponte* strike inappropriate matters from pleadings, the Court will address the merits of Plaintiffs' untimely motion to strike.

a. *Affirmative Defenses 3, 4, 5, and 30*

As previously stated, affirmative defenses 3, 4, 5, and 30 do not pertain to a fraud defense and, thus, do not need to be pled with particularity pursuant to Rule 9(b). Therefore, this Court must determine what pleading standard applies to affirmative defenses. *Twombly* and *Iqbal* require "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the … claim is and the grounds upon which it

9

rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the pleading need not present specific facts, its "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Sixth Circuit has not yet addressed whether *Twombly* and *Iqbal* apply to affirmative defenses, and district courts within the circuit and within the Southern District of Ohio are split on this issue. *See Artisan Estate Homes, LLC v. Hensley Custom Building Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *6 (S.D. Ohio July 25, 2022) (collecting cases). This Court agrees with Judge Black's finding and analysis set forth in *Artisan Estate Homes*, in which he concluded that "[t]he heightened pleading standards under Twombly and Iqbal do not apply to affirmative defenses." *Id.* at *7. Elaborating on this conclusion, Judge Black explained that "simply stating the existence of an affirmative defense 'in general terms' is sufficient 'as long as it gives plaintiff fair notice of the nature of the defense,' and satisfies both the law and the spirit of Rule 8." *Id.* (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).

Applying this reasoning, the Court finds affirmative defenses 3, 4, 5, and 30 adequately provide "fair notice" that NAIC intends to argue that Plaintiffs contributed to their own alleged loss, and these defenses are broader than the contributory or comparative negligence-specific defenses, *see infra* Section III.B(3)(c). Affirmative defense 30, however, is identical to affirmative defense 4. Therefore, this Court declines to strike affirmative defenses 3, 4, and 5, but strikes affirmative defense 30 as redundant.

b. *Affirmative Defense 10 – Economic Loss*

Under Ohio law, "[b]ad faith conduct by an insurer gives rise to a cause of action in tort." *Abercrombie Fitch Co. v. Fed. Ins. Co.*, No. 2:06-cv-831, 2011 WL 1237611, *6 (S.D. Ohio Mar. 30, 2011) (citing *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, Syl. ¶ 1, 452 N.E.2d 1315 (Ohio 1983)). But "although a tort claim for bad faith is independent of the contract of insurance under Ohio law, the bad faith claim arises due to the existence of the insurance contract[]." *Dombrovski v. Sirius Int'l Ins. Corp.*, No. 1:07-cv-379, 2008 WL 408460, at *6 (N.D. Ohio Feb. 12, 2008). Given the lack of discovery at this juncture, which would allow for a more fulsome understanding of whether the economic loss doctrine applies, this Court is declines to strike this defense.

c. *Affirmative Defenses 11, 12, and 31 – Plaintiffs' Conduct*

"As a general proposition under Ohio law, contributory or comparative negligence is not a valid defense for a breach of contract." *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09-cv-782, 2010 WL 5135999, at *3 (S.D. Ohio Dec. 9, 2010) (cleaned up); *see Becker v. BancOhio Nat'l Bank*, 17 Ohio St. 3d 158, 478 N.E.2d 776 (1985); *see also* Ohio Rev. Code § 2315.19. Instead, the doctrines are defenses to a claim for negligence, the application of which "is triggered by the fact finder's determination that the defendant, as well as the plaintiff, was negligent." *Seeley v. Rahe*, 16 Ohio St.3d 25, 26-27, 475 N.E.2d 1271 (1985). Indeed, the nonbreaching party's negligence is not even a consideration at the damages stage. *Chase Bank of Ohio v. Nealco Leasing, Inc.*, 92 Ohio App. 3d 555, 569, 636 N.E.2d 388 (Ohio Ct. App. 1993). As such, these affirmative defenses are improper and should be stricken.

> d. *Affirmative Defense 18 – Exhaustion*

Plaintiffs are correct that exhaustion provisions like affirmative defense 18 often arise in the context of claims relating to over- or under-insurance where multiple insurers may be on the hook, and that, as of now, there are no policies at issue other than Plaintiffs' policy with NAIC. *See, e.g.*, *IMG Worldwide, Inc. v. Westchester Fire Ins. Co.*, No. 1:11-cv-1594, 2015 WL 5093428, at *8 (N.D. Ohio Aug. 28, 2015); *Westfield Ins. Co. v. Continental Ins. Co.*, No. 1:13-cv-02367, 2015 WL 1549277, at *3 (N.D. Ohio Apr. 7, 2015). But NAIC is correct that there is a world in which the factual circumstances change during the course of discovery, a course which the parties have yet to embark on. So, this Court opts not to strike this affirmative defense at this time.

> e. *Affirmative Defenses 24 and 35 – Reservations of Rights*

Under the guiding principle of fair notice, this Court finds both of these affirmative defenses to be lacking. In so finding, this Court takes the opportunity to potentially reconcile the parties' positions. Plaintiffs, relying on *Peters v. Credit Prot. Ass'n*, Case No. 2:13-cv-0767, 2015 WL 1022031 (S.D. Ohio Feb. 19, 2015), assert that these affirmative defenses are inappropriate; NAIC disagrees, pointing *M&C Holdings Delaware, P'ship.*, No. 1:20-cv-121, 2021 WL 21447 at *6, *report and recommendation adopted*, No. 1:20-cv-121, 2021 WL 426421 (Feb. 8, 2021). In *M&C Holdings*, the district court adopted the Magistrate Judge's recommendation to allow defendant's reservation of rights to raise additional affirmative defenses based on *Hiles v. Army Review Bd. Agency*, No. 1:12-cv-673, 2014 WL 7005244 (S.D. Ohio Dec. 10, 2014). (*M&C Holdings*, ECF No. 44 at 7). But *Hiles* does not augur in NAIC's favor as to these specific defenses for two reasons.

First, the reservations of rights in affirmative defenses 24 and 35 are distinct from that in *Hiles*. Instead, the reservation of rights allowed in *Hiles* aligns with NAIC's first affirmative

defense—one not challenged by Plaintiffs, and one dictated by a separate Federal Rule. (*See* ECF No. 10 at 7; *M&C Holdings*, ECF No. 44 at 7). More fundamentally, though, *Hiles* points to a Magistrate Judge's report and recommendation for its proposition that "a number of district courts have found that a reservation of this right through an affirmative defense is appropriate." 2014 WL 7005244, at *3 (citing *Peters v. Credit Protection Ass'n, LP*, No. 2:13-cv-767, 2014 WL 1049913, at *4 (S.D. Ohio Mar.14, 2014)). And the *M&C Holdings* court relied on this proposition from *Hiles*. 2021 WL 21447, at *4 (citing *Hiles*, 2014 WL 7005244, at *3). But despite the *M&C Holdings* court's attempt at reconciling the two, *id.* at *6, the *Peters* ruling was overturned in no uncertain terms: This Court clarified that "Defendant's right to reserve affirmative defenses … is improper because reserving the right to an affirmative defense is a legal nullity." *Peters v. Credit Protection Ass'n, LP*, No. 2:13-cv-767, 2015 WL 1022031, at *4 (S.D. Ohio Feb. 19, 2015) (collecting cases). Finding a reservation statement to be insufficient, this Court required defendant to instead "comply with the procedures set forth in Federal Rule of Civil Procedure 15." *Id.*

This Court sees no reason to depart from this rule now. As such, affirmative defenses 24 and 25 are improper.

### f. *Affirmative Defense 26 – Failure to Attach*

An affirmative defense "admits that the plaintiff has a claim, but asserts some legal reason the plaintiff cannot recover on it." *Blake v. Sakelios*, 2014 Ohio 2587, 2014 WL 2733499, at *3 (Ohio Ct. App. 2014). NAIC fails to explain how what this Court views as Plaintiff's compliance with Ohio law constitutes an affirmative defense, so this Court agrees that this affirmative defense should be stricken.

      g. *Affirmative Defense 34 – Bifurcation*

Regardless of pleading level, bifurcation is not an affirmative defense; bifurcation is a procedural matter governed by Federal Rule of Civil Procedure 42(b), which provides no standalone bar to recovery. *4 West, LLC v. Auto-Owners (Mutual) Ins. Co.*, Case No. 3:20-cv-01, 2021 WL 81748, at *1 (S.D. Ohio Jan. 11, 2021) (citation omitted). Plaintiff's request to strike this affirmative defense is therefore granted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss (ECF No. 12) is **GRANTED** and Plaintiff's Motion to Strike (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**. The Motion to Strike is **GRANTED** as to affirmative defenses 24, 26, 30, 34, and 35 and **DENIED** as to affirmative defenses 3, 4, 5, 11, 12, 18, and 31.

    **IT IS SO ORDERED**.

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 14, 2024**